```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

THERESA HELTON,                    :
                                   :
        Plaintiff,                 :    NO. 1:09-CV-00361
                                   :
    v.                             :
                                   :    **OPINION AND ORDER**
COMMISSIONER OF SOCIAL,            :
SECURITY,                          :
                                   :
        Defendant.                 :

This matter is before the Court on the Magistrate Judge's July 28, 20010 Report and Recommendation (doc. 9), Defendant's Objections (doc. 10), and Plaintiff's Response (doc. 11). For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation, and REMANDS this matter for further proceedings consistent with this decision.

**I. Background**

Plaintiff, who has suffered a combination of physical and mental impairments, including history of right fibia and tibia fracture, lower back pain, post-traumatic stress disorder, and depression, applied for Social Security Disability ("SSD") and Supplemental Security Income ("SSI") in August, 2005 (doc. 9). Her applications were denied initially and upon reconsideration (Id.). After Defendant denied her applications, she requested a hearing before an administrative law judge ("ALJ"), who rejected her applications in August, 2009 (Id.). Plaintiff requested review

with the Social Security Appeals Council, which in April 2009 denied further review (Id.).  Plaintiff then appealed to this Court in May 2009 (Id.).

Plaintiff contends the ALJ erred in three respects in denying her applications (Id.).  First, she contends the ALJ applied the wrong standard and thus improperly found that Listings 1.02 and 1.03 were not met or equaled (Id.).  Second, she contends the ALJ improperly disregarded the medical opinion of treating physician Dr. Kelly Brown (Id.).  Third, she contends there was new and material evidence not available before the ALJ's decision, which warranted remand (Id.).

In his Report and Recommendation, the Magistrate Judge reviewed the ALJ's findings, the medical evidence in the record, the hearing testimony, and Plaintiff's Statements of Error, concluding that there was no error with respect to Plaintiff's second and third contentions (Id.).  However, the Magistrate Judge found a remand would be appropriate as to the question of whether Plaintiff's fractures and other physical impairments are medically analagous to a situation where a major weight-bearing joint was surgically reconstructed (Id.).  The Magistrate Judge therefore recommended that the decision of the Commissioner be reversed and remanded for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g) (Id.).  Defendant filed its Objections on August 10, 2010 (doc. 10), and Plaintiff her Response (doc. 11), so that

2

this matter is now ripe for the Court's review.

**II. Discussion**

The Court reviews this matter de novo because Defendant filed objections to the Magistrate Judge's Report and Recommendation. Fed. R. Civ. P. 72(b). Rule 72(b) states that "[t]he district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule." Id. The Rule further indicates that "[t]he district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Id.

Judicial review of the Commissioner's decision, being that of the ALJ in this case, is limited to determining whether there is substantial evidence in the record to support the factual findings. 42 U.S.C. § 405(g); Smith v. Sec'y of Health & Human Servs., 893 F.2d 106, 108 (6th Cir. 1989). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993). The claimant has the burden of proving by sufficient evidence that he is entitled to disability benefits ("DIB"). 20 C.F.R. § 404.1512(a).

3

To show that claimant is entitled to DIB, she must be under 65 years old, have filed an application for DIB, and be under a disability. 42 U.S.C. § 423(a)(1). The only issue in this case is whether Plaintiff is disabled, as defined in Section 423(d). Plaintiff must show that, during the relevant time period, she suffered impairment expected to last at least twelve months, which rendered her unable to perform either the work previously done by her or any other work considered substantial gainful employment that exists in the national economy. 42 U.S.C. § 423(d)(1)-(2).

**A.     The Magistrate Judge's Report and Recommendation (doc. 9)**

In the Report and Recommendation the Magistrate Judge thoroughly reviewed the medical evidence in the record, including Plaintiff's hearing testimony, the vocational expert's ("VE") answers, and the decision of the ALJ (doc. 9). The Magistrate Judge then reviewed Plaintiff's three assignments of error, 1) that the ALJ erred in finding Listings 1.02 and 1.03 not met or equaled, 2) that the ALJ improperly disregarded the medical opinion of treating physician Dr. Kelly Brown, and 3) that there was new and material evidence not available before the ALJ's decision, which warranted a remand (Id).

Although the Magistrate Judge found as to Plaintiff's first assignment of error that no joints were at issue such that Listing 1.02 and 1.03 were unmet on their face, the Magistrate Judge found a "vague assessment of Plaintiff's ability to

walk/stand communicated to the VE," and that the ALJ erred in his definition of effective ambulation (Id.). The Magistrate Judge found "plausible" the argument that Plaintiff's fractures and subsequent problems with cellulitis, osteomyelitis, infection, and skin graft were medically analagous to a situation where a major weight-bearing joint was surgically reconstructed (Id.). The Magistrate Judge therefore concluded a remand would be appropriate as to whether Plaintiff's impairments equaled the Listings (Id.).

The Magistrate Judge found no merit to Plaintiff's second statement of error because Dr. Brown's opinion was not consistent with those other experts in the record, and not consistent with Dr. Brown's own findings with respect to Plaintiff's left leg, which was uninjured (Id.). The Magistrate Judge further noted that there was no substantial evidence that Plaintiff suffers from post-traumatic stress disorder and/or depression to a disabling degree (Id.). Accordingly, the Magistrate Judge found no error in the ALJ's rejection of the opinion of Dr. Brown (Id.).

Finally, the Magistrate Judge found that the new evidence Plaintiff claims would have made a difference to her case was submitted after the record had been closed, and past the time Plaintiff had requested for the ALJ to keep the record open (Id.). The Magistrate Judge found no good cause for the submission of the new evidence after the record had been closed, and concluded it would be an inefficient practice for the ALJ to delay a decision

5

indefinitely (Id.). As such, the Magistrate Judge rejected Plaintiff's third statement of error (Id.).

**B. Defendant's Objection (doc. 10)**

Defendant argues that the record shows Plaintiff did not have an ineffective ambulation that lasted for 12 months, because five months after she fractured her tibia, she was walking and her doctor found her condition stable (doc. 10). Defendant further argues the ALJ's residual functional capacity assessment should stand because the ALJ included a restriction of standing one to two minutes after sitting thirty minutes (Id.). As such even if the ALJ erred in failing to include a walk/stand limitation in his hypothetical question to the VE, the limitation he did include rendered such error harmless (Id.).

**C. Plaintiff's Response (doc. 11)**

Plaintiff responds that Defendant improperly equates "effective ambulation" with a mere ability to bear weight, without consideration of how well a person could bear weight (doc. 11). Moreover, contends Plaintiff, simply because a doctor reported her condition as "stable," this in no way constitutes proof that she could effectively ambulate (Id.). Plaintiff reiterates that during the relevant twelve month period she had problems with being unable to stand or walk longer than ten to fifteen minutes, using public transportation, and running simple errands (Id.). All of these examples, contends Plaintiff, are matches to items listed as

6

examples of ineffective ambulation in Listing 100B2b (Id.). Finally, Plaintiff attacks Defendant's theory that even if the ALJ's hypothetical question was vague, it was harmless error because the VE only provided examples of sedentary jobs (Id.). Such argument is without merit, contends Plaintiff, because the recommendation to remand this case is based on the issue of whether Plaintiff equals a Listing of Impairments, and at this stage of the analysis it is not necessary to determine whether other jobs exist which fall into Plaintiff's RFC (Id.).

**D. Analysis**

Having reviewed and considered this matter de novo, the Court finds the Magistrate Judge's Report and Recommendation thorough and well-reasoned. The Court therefore adopts and affirms in all respects the opinions expressed in the Report and Recommendation (doc. 9), and denies Defendant's Objections (doc. 10). The Court finds Plaintiff's second and third assignments of error lacking in merit, for the reasons articulated by the Magistrate Judge. However, the Court finds sufficient ambiguity in the record to support Plaintiff's argument that her impairments might be medically analagous to a situation where a major weight-bearing joint was surgically reconstructed. The Court agrees with Plaintiff that Defendant's theory in objection fails to qualitatively evaluate her impairments, and similarly, that Defendant's theory that any error in the formulation of the ALJ's

7

hypothetical question was harmless, because that is not the question before the Court.  The question is whether Plaintiff's impairments met or equaled the Listings.

**III. Conclusion**

The Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation (doc. 9), and REMANDS this case for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g), consistent with this decision and the Magistrate Judge's analysis.


SO ORDERED.


Date: October 19, 2010    /s/ S. Arthur Spiegel
                          S. Arthur Spiegel
                          United States Senior District Judge