```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

| | | |
|---|---|---|
| THERESA HELTON, | : | No. 1:09-CV-00361 |
| Plaintiff, | : | |
| v. | : | **OPINION AND ORDER** |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

This matter is before the Court on Plaintiff's Application for Fees and Expenses Pursuant to the Equal Justice Act (doc. 14), and Defendant's Response in Opposition (doc. 15). For the reasons indicated herein, the Court DENIES Plaintiff's Application.

**I. Background**

Plaintiff seeks an award of $3,990.00 in attorney fees and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(a),(d) (doc. 15). On July 29, 2010, the Magistrate Judge issued his Report and Recommendation recommending that this case be remanded to the Commissioner for further proceedings (Id.). This Court agreed with such Recommendation and remanded this matter for further review (doc. 12). Subsequently, Plaintiff filed the instant Motion for Attorney Fees and Costs under the EAJA, Title 28 U.S.C. § 2412 et seq., contending that her Sentence 4 remand makes her a prevailing party, and that Defendant's position in opposing her claim was not "substantially justified" (doc. 14, citing

Shalala v. Schaefer, 113 S.Ct. 2625 (1993), 28 U.S.C. § 2412(d)(1)). Defendant has responded in opposition such that this matter is ripe for the Court's consideration (doc. 15).

**II. Discussion**

Under the EAJA, a court shall award to a prevailing party attorney fees and costs, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d). In determining whether the government's position was substantially justified, the U.S. Supreme Court has held that the position must have been "justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1998). Under this test, a Commissioner's position may be considered substantially justified despite a ruling overturning their decision for want of substantial evidence in support of the decision. Couch v. Secretary of Health and Human Services, 749 F.2d 359, 360 (C.A. Ky. 1984).

Here, the Court held for the Commissioner on two of three issues before it: finding no error in the ALJ's rejection of the opinion of Plaintiff's treating physician, and finding no good cause for Plaintiff to submit additional evidence after the record had closed (doc. 12). However, the Court remanded the case solely for the determination of whether Plaintiff's condition equaled listing 1.02A and Listing 1.03 (Id.). The Court specified that

there should be a determination whether Plaintiff's impairments might medically equal a situation where a major weight-bearing joint was surgically reconstructed (Id.).

Defendant contends the Court's agreement with the Commissioner on two of three issues supports a finding that the Commissioner's position in this case as a whole was substantially justified (doc. 15). In the alternative, Defendant contends that should the Court find an award appropriate, Plaintiff's request is excessive in including fees at a rate in excess of the statutory rate (Id.). Moreover, Defendant argues Plaintiff's request includes entries for clerical tasks that are inappropriate under the EAJA (Id.).

Having reviewed this matter, the Court finds the government's position correct that the Commissioner was substantially justified in opposing Plaintiff's request for benefits. On only one point in the record did the Court find sufficient ambiguity to support further consideration (doc. 12). The Court's language and reasoning in remanding such point was tentative. Under such circumstances, the Court can find that a reasonable person would find the Commissioner's position justified.

**III. Conclusion**

Having reviewed the matter and the record before it, the Court concludes that, in applying the "substantially justified" standard to the case at bar, the record supports a finding that

Defendant's position was substantially justified.  Thus, Plaintiff is not entitled to attorney fees.  Accordingly, the Court DENIES Plaintiff's Motion for Attorney's Fees and Costs Under the Equal Access to Justice Act (doc. 14).

        SO ORDERED.

Date: January 12, 2011   /s/ S. Arthur Spiegel
                               S. Arthur Spiegel
                               United States Senior District Judge